TAYLOR v. KRAMER SERVICE, INC., et al.

(Division B., Feb, 19, 1940. Suggestion of Error Overruled March 18, 1940.)

[193 So. 807. No. 34005.]

Ogden & O'Mara, of McComb, and **Flowers, Brown & Hester**, of Jackson, for appellant.

James A. Wiltshire, of Magnolia, **R. B. Reeves**, of McComb, and **Forrest B. Jackson**, of Jackson, for appellees.

Argued orally by **J. N. Ogden**, and **Fred Bradshaw**, for appellant, and by **Forrest B. Jackson**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

C. K. Taylor, the appellant, brought suit in the Chancery Court against the Kramer Service, Inc., and Xavier A. Kramer, for commissions claimed by Taylor for services rendered in leasing certain property owned by

Kramer Service, Inc., in the City of McComb, to J. C. Penney Co., Inc. Among other things, C. K. Taylor was engaged in the real estate and rentals business, and was active in trying to secure a department store for McComb City, in which city Kramer Services, Inc., owned one or more buildings. In the arrangement between Kramer Service, Inc., and Taylor, it was provided that Taylor was to have a commission of five per cent of the amount of the sale price if the property were sold, or the same amount of a price paid for a lease if the property were leased through his activities or instrumentalities, but it was provided in the agreement that Kramer Service, Inc., could also be active and handle the property for itself, and certain other persons were excepted from the agreement between the said Kramer Service and Taylor.

One of the business buildings owned by the Kramer Service, Inc., was leased for a term of years to J. C. Penney Co., Inc., but the lease was arranged and consummated through the activities of a Chicago firm, which procured a contract from Kramer Service, Inc., and to which concern a commission or compensation was paid by Kramer Service, Inc. Taylor had a voluminous correspondence with J. C. Penney and with Kramer, too voluminous to set forth in this record, but it appears from the record and the correspondence that the lease contract was procured through the activities of a firm in Chicago, Illinois.

The chancellor found on consideration of all the correspondence and testimony of both Taylor and Kramer that Taylor was not entitled to the commission and that the lease had not been procured through his activities. It will serve no useful purpose to set out the voluminous correspondence, even by summary, and it will suffice to say that the chancellor had sufficient facts upon which to base the decree which he rendered. There are so many cases involving commissions to real estate dealers with customers that further statements are unnecessary, the law being well settled and each case presenting usually

facts different, at least in part, from any other case, and it would probably cause confusion rather than clarity to enter into a detailed statement of the facts in the present case. We think the chancellor's judgment must be affirmed.

Affirmed.